Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
8033 Linda Vista Road, Suite 200
San Diego, California 92111
(619) 500-6683
(619) 810-2980 fax
roberto@robertorobledo.com

Attorneys for Plaintiff David Greenley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **David Greenley**, an individual, | Case No. '20CV1419 H    JLB |
| Plaintiff, | |
| v. | **Complaint** |
| **Midland Credit Management, Inc.**, | Jury Trial Demanded |
| Defendant. | |

### Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. David Greenley ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from

the illegal actions of Midland Credit Management, Inc. ("Defendant"), and their agents with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff damages.

3. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## Jurisdiction and Venue

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C § 1367 for pendent state law claims.

5. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

6. Venue is proper in this District pursuant to 28 U.S.C § 1391(b) in that Defendant resides and transacts business in this District.

## Parties

7. Plaintiff is a natural person who at all material times pertinent hereto resided in Southern California and is a third-party to a debt as that term is addressed in 15 U.S.C. § 1692c(b).

8. Plaintiff has suffered a concrete injury in fact that is fairly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

9. Defendant is a collection agency, incorporated under the laws of Kansas, and operates from an address of 350 Camino De La Reina, Suite 300, San Diego, California 92108, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

**Factual Allegations**

11. Plaintiff is informed and believes, and thereon alleges, that all times relevant, Defendant conducted business in the State of California.

12. Plaintiff is informed and believes, and thereon alleges all of Defendant's communications with Plaintiff described herein were each an attempt to collect a debt and fall within the term "communication" as it is defined by 15 U.S.C. § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

13. Plaintiff is informed and believes, and thereon alleges sometime before October 22, 2019, a person named "Jennifer H.," who is a third-party to this action, incurred a consumer debt that Defendant later attempted to collect.

14. Plaintiff is informed and believes, and thereon alleges that Jennifer H. is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. The FDCPA, 15 U.S.C. § 1692a(5), sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes.

16. On good faith information and belief, the debts incurred by Jennifer H. were for household goods and services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

17. Plaintiff disputes this alleged debt, the final bill on this account, and any remaining balance, and is represented by the undersigned counsel both with respect to this debt and to the claims made herein.

18. Plaintiff is informed and believes, and thereon alleges that Jennifer H. is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

19. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person.

20. On information and belief, Jennifer H. is a natural person who incurred financial obligations, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

21. Sometime before October 22, 2019, Jennifer H. failed to make a payment on her financial obligation resulting in a debt owed to an unknown entity.

22. Plaintiff is informed and believes, and thereon alleges, that sometime before October 22, 2019 and subsequent to failing to make a payment on her financial obligation, Jennifer H.'s debt was assigned, placed, or otherwise transferred to a third-party debt collector, the Defendant, for collection.

23. On October 22, 2019 at 7:48 a.m. PST, Plaintiff received a call on his cellular telephone from (877) 434-3807 ("call").

24. Plaintiff was asleep at the time he received the call, and the call from Defendant woke him up.

25. Plaintiff returned the call, and an individual by the name of Christian Brown answered the phone and identified the name of his business as Midland Credit Management, Inc.

26. Defendant stated that they were looking for Jennifer H. and asked whether Plaintiff knew her.

27. Plaintiff instructed Defendant to stop calling him.

28. Defendant had no reasonable basis to believe that the number was associated with Jennifer H.

Complaint—4

29. Defendant had no reasonable basis to believe that it was convenient for Plaintiff to receive any calls at 7:48 a.m.

30. Plaintiff became frustrated and upset upon learning that a debt collector had disturbed his sleep in an attempt to collect a debt from a third-party and for a debt that he was in no way obligated to pay.

31. Defendant's conduct not only caused Plaintiff to wake up but also wasted Plaintiff's time in investigating what the call was about.

32. The FDCPA, 15 U.S.C § 1692c(a)(1), prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is between 8:00 a.m. and 9:00 p.m., local time at the consumer's location.

33. These collection communications from Defendant to Plaintiff were therefore illegal communications in an effort to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9),1692e(10), 1692f, and 1692f(1), amongst others.

34. Cal. Civ. Code § 1788.17 incorporates the above referenced sections of the FDCPA into the RFDCPA. Therefore, by violating 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(9),1692e(10), 1692f, and 1692f(1), Defendant's call also violated Cal. Civ. Code § 1788.17.

35. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

36. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

37. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

38. Defendant collection efforts with respect to this alleged debt from Plaintiff, which caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

39. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

### *Respondeat Superior Liability*

40. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

41. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

42. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

43. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 USC § 1692 *et seq*.**

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 USC § 1692 *et seq*.

46. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

47. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

48. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

49. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of maximum statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant; and
7. for such other and further relief as may be just and proper.

### Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   July 23, 2020.                         Law Offices of Roberto Robledo

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Roberto Robledo*

Attorneys for Plaintiff